**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **DAMEON THOMAS, *et al*.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )   **No. 3:24-cv-01107** |
| **v.** | ) |
| | )   **Judge Trauger** |
| **WALMART INC., *et al*.,** | )   **Magistrate Judge Newbern** |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

Dameon Thomas, Debra Brown, and Bloc, residents of Nashville, Tennessee, filed this pro se action against Walmart Inc., Signal 88 LLC, and "Sheriff's Department." (Doc. No. 1).

By Order entered on January 29, 2025, the Court advised Plaintiffs that additional action must be taken before this case can move forward. (Doc. No. 9). Specifically, because only Dameon Thomas had signed the complaint, the Court ordered Plaintiffs Brown and Bloc to affix their handwritten signatures to the complaint and return the signature pages within 30 days. (*Id*. at PageID# 93). The Court explicitly warned that, if they failed to do so, they would not be considered Plaintiffs in this case going forward. (*Id*.) Next, the Court directed all Plaintiffs to submit an Application for Leave to Proceed In Forma Pauperis or the civil filing fee within 30 days. (*Id*. at PageID# 94-95). The Court warned Plaintiffs that failure to do so could result in the dismissal of this action and/or the removal of one or more plaintiffs from this case. (*Id*. at PageID# 95).

The deadline has passed. Neither Thomas, Brown, nor Bloc have complied with the Court's instructions.[1]

---

[1] Instead of submitting the required documents, Thomas submitted a "Petition for Regress [sic] of Grievances and Declaratory Relief for Systemic Civil Rights Violations[,] Judicial Misconduct, and Americans with Disabilities Act Violation." (Doc. No. 97). The document indicates that it was

1

An action is subject to dismissal for want of prosecution where the pro se litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to sua sponte dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962).

Accordingly, this action is **DISMISSED** for failure to comply with Order of the Court and want of prosecution.

Plaintiff Thomas's "Petition for Regress [sic] of Grievances and Declaratory Relief" (Doc. No. 10) is **DENIED AS MOOT**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

filed by "Thomas Family Legacy Trust et al., Sui juris, Petitioner, [by and through the Trustee Dameon Thomas)." (*Id*. at PageID# 97). This document is not compliant with the Court's prior Order. It indicates that Thomas wishes to pursue an action on behalf of the "Thomas Family Legacy Trust" against different defendants than the instant action, with the exception of Wal-Mart who Plaintiff also named as a Defendant in the instant action. Plaintiff must pursue any such claims by filing a separate legal action. The dismissal of the instant action does not preclude Plaintiff from doing so.

2